UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>SPOKANE TRIBE OF INDIANS,<br><br>    Plaintiff/Intervenor,<br><br>v.<br><br>BARBARA J. ANDERSON, et al.,<br><br>    Defendants. | No. CV-72-3643-JLQ<br><br>REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARDING FACTUAL AND LEGAL ISSUES TO BE ADDRESSED BY THE PARTIES |

On May 3, 2006, the undersigned entered an order directing the parties to further define the legal and factual issues that have been raised and require the attention of the parties and the court (Ct. Rec. 583). On June 2, 2006, the government parties responded jointly (Ct. Rec. 594). Adjudicated water rights holder Nicholas D. Pemberton filed a response to the government parties' Response, also on June 2, 2006 (Ct. Rec. 593). Specifically, Mr. Pemberton noted that certain water rights holders needed additional time to adequately respond. Accordingly, the undersigned entered an order that permitted additional time for the parties to respond (Ct. Rec. 595, entered June 5, 2006). That time now has passed and no other responses have been received.

REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARDING FACTUAL
AND LEGAL ISSUES TO BE ADDRESSED BY THE PARTIES - 1

The government response was submitted jointly by the Spokane Tribe of Indians, the United States Indian Resources Section of the U.S. Department of Justice, and the State of Washington Department of Ecology. The government parties represent that their draft response was transmitted to the other parties on the service list and that the following parties represented no objection to the government party response, but did not join in the response: Jackie Smartt, Patrick Sulgrove, and counsel for Dawn Mining Company. Accordingly, the only responses to the undersigned's May 3, 2006, Order are the government parties' proposal, and Mr. Pemberton's filing. The joint response sets out the view of the issues as follows:

1. Should the finding at page 3 of the July 23, 1979 Opinion and page 4 of the August 23, 1982 Orders, that groundwater in the upper Chamokane Creek basis is "unconnected to the Chamokane drainage system," be modified? *See also* September 12, 1979 Judgment ("Ground water withdrawals in the Upper Chamokane region have no impact upon the flow of Chamokane Creek because groundwater in the Upper Chamokane region is part of a separate aquifer.").

<u>Factual Question</u>: Is the groundwater of the upper basin separate or connected from that of the middle and lower basin areas?

2. Are all surface and ground water uses in the middle and lower Chamokane Creek areas subject to the *U.S. v. Anderson* orders?

3. Given current conditions, what level if any of uses such as "domestic" and "stock watering" should be excepted from regulation by the *U.S. v. Anderson* water master due to their de "minimus" effects on Chamokane Creek?

<u>Factual Questions for Issues 2 and 3</u>:

A. Do all surface and ground water uses in the middle and lower Chamokane areas impact flows in Chamokane Creek?

B. What are the cumulative impacts of i) claims registry use and ii) permit-exempt wells on the flow in the Chamokane Creek?

REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARDING FACTUAL AND LEGAL ISSUES TO BE ADDRESSED BY THE PARTIES - 2

   C. If there are any impacts identified in questions A) and B) that are sufficiently large to affect the flows, how do those impacts affect the frequency and severity of regulation by the water master?

   D. Is there a level of domestic or stockwater use that is too small or difficult to regulate? If so, what is that level?

Ct. Rec. 594 at 2-3 (footnote omitted).

  As far as a timeline, the government party Response represents that the necessary factual investigation to resolve the issues could take three years, subject to federal, state and tribal funding. The government parties requested that no deadline for completion be set by the court, as the parties are not certain regarding the capacity to complete the studies and would prefer that the progress of the studies be updated at the annual special master hearing in the spring of each year. It is suggested by these parties that following completion of the studies, four months should be allowed to file opening legal briefs, with two months for responsive briefs and one month for reply briefs by any party.

  The government parties represent they "do not anticipate that a majority of the costs of the factual investigation will be borne by the water users but rather by the Governmental Parties." (Ct. Rec. 594 at 4, lines 1-3). Mr. Pemberton's Response reflects his view that any study should "include how much natural foliage around the Chamokane creek is being excavated for tribal development." (Ct. Rec. 593 at 2.) In addition, Mr. Pemberton's position is that the non-governmental parties should not have to bear any of the costs of any studies; and, rather, it is the governmental parties that should bear the cost of the investigative funding. He states that if the

funding cannot be provided by the governmental parties, then the investigation should be dropped.

As to the legal and factual issues, **IT IS RECOMMENDED** that the issues be framed and styled as set forth by the governmental parties and that studies undertaken include addressing the foliage excavation issue raised by Mr. Pemberton. However, as to the timeline, **IT IS RECOMMENDED** that a date certain deadline be imposed for the completion of the studies, specifically, a deadline of **three years** from the date of the order that addresses this Report and Recommendation, subject to the parties requesting a modification of that deadline, for good cause, if needed.

**IT IS RECOMMENDED** that the proposed dates for briefing be as follows:

1. Opening legal briefs be filed and served no later than four months following the completion of the necessary studies, and the studies be filed or lodged with the court within ten days of publication.

2. Responsive briefs be filed and served no later than two months following service of the opening legal briefs.

3. Reply briefs, if any, one month from service of the responsive briefs.

**IT IS RECOMMENDED** that the costs of such studies be borne by the governmental parties only.

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file with the District Court

REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARDING FACTUAL
AND LEGAL ISSUES TO BE ADDRESSED BY THE PARTIES - 4

Executive and serve on all parties written objections, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within ten (10) days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 73, and LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The Clerk of the Court shall file this Report and Recommendation and serve copies of it on Senior Judge Quackenbush, and those parties listed on the most recently updated Notice List attached to this Report and Recommendation.

DATED June 29, 2006.

                        S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE