UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>SPOKANE TRIBE OF INDIANS,<br><br>    Plaintiff/Intervenor,<br><br>v.<br><br>BARBARA J. ANDERSON, et al.,<br><br>    Defendants. | No. CV-72-3643-JLQ<br><br>ORDER ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING FACTUAL AND LEGAL ISSUES TO BE ADDRESSED BY THE PARTIES, AND ORDER SETTING DATES |

Magistrate Judge Imbrogno filed a Report and Recommendation on June 29, 2006, regarding factual and legal issues to be addressed by the parties. (Ct. Rec. 596.) There being no objections, the court **ADOPTS** the Report and Recommendation.

The legal and factual issues which have been raised, are framed as follows:

1.     Should the finding at page 3 of the July 23, 1979 Opinion and page 4 of the August 23, 1982 Orders, that groundwater in the upper Chamokane Creek basis is "unconnected to the Chamokane drainage system," be modified? *See also* September 12, 1979 Judgment ("Ground water withdrawals in the Upper Chamokane region have no impact upon the flow of Chamokane Creek because groundwater in the Upper Chamokane region is part of a separate aquifer.").

    <u>Factual Question</u>: Is the groundwater of the upper basin separate or connected from that of the middle and lower basin areas?

2.     Are all surface and ground water uses in the middle and lower Chamokane Creek areas subject to the <u>U.S. v. Anderson</u> orders?

ORDER ADOPTING SPECIAL MASTER'S REPORT AND
RECOMMENDATION REGARDING FACTUAL AND LEGAL ISSUES
TO BE ADDRESSED BY THE PARTIES, AND ORDER SETTING DATES - 1

    3.    Given current conditions, what level if any of uses such as "domestic" and "stock watering" should be excepted from regulation by the <u>U.S. v. Anderson</u> water master due to their de "minimus" effects on Chamokane Creek?

<u>Factual Questions for Issues 2 and 3</u>:

    A.    Do all surface and ground water uses in the middle and lower Chamokane areas impact flows in Chamokane Creek?

    B.    What are the cumulative impacts of I) claims registry use and ii) permit-exempt wells on the flow in the Chamokane Creek?

    C.    If there are any impacts identified in questions A) and B) that are sufficiently large to affect the flows, how do those impacts affect the frequency and severity of regulation by the water master?

    D.    Is there a level of domestic or stockwater use that is too small or difficult to regulate? If so, what is that level?

(Ct. Rec. 596 at 2-3; Ct. Rec. 594, Response of the State of Washington, Department of Ecology, the Spokane Tribe, the United States (hereinafter the "government parties").)

**IT IS ORDERED**:

1.    All necessary studies shall be completed and published no later than **August 15, 2009.** The factual studies anticipated by the government parties involve the compiling and gathering of geologic and hydrologic data (surface water and ground water data), analyzing historical aerial photographs and other materials to approximate the extent of irrigation and other water uses, and preparing a groundwater model to determine impacts from various ground and surface water uses on Chamokane Creek. The studies undertaken by the government parties shall include addressing the foliage excavation issue raised by Mr. Pemberton.

2.    The costs of the earlier described studies shall be borne by the government parties only. However, if other parties choose to conduct additional studies, they may do so at their expense and shall complete and publish no later than **August 15, 2009.**

3.    The parties shall submit the following:

    a.    Motion and opening briefs addressing all issues identified at pages

ORDER ADOPTING SPECIAL MASTER'S REPORT AND
RECOMMENDATION REGARDING FACTUAL AND LEGAL ISSUES
TO BE ADDRESSED BY THE PARTIES, AND ORDER SETTING DATES - 2

1 and 2, *supra*, shall be filed and served no later than **January 15, 2010**, which is about four months following the completion and filing of the study results. If the position of any party is that an evidentiary hearing, in addition to oral argument, will be required, this shall be addressed also through the briefing.

    b.    Responsive briefs shall be filed and served no later than **March 15, 2010.**

    c.    Reply briefs, if any, shall be filed and served no later than **April 15, 2010.**

4. Any party requesting oral argument shall set forth that request in their brief(s). If the court then determines that oral argument would be helpful, the court will set the matter for oral argument and notify the parties and counsel of the date thereof.

The Clerk of the Court shall file this Order and serve copies of it on Magistrate Judge Imbrogno, and those parties listed on the most recently updated Notice List.

Dated this 11th day of August, 2006.

<u>s/ Justin L. Quackenbush</u>
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER ADOPTING SPECIAL MASTER'S REPORT AND
RECOMMENDATION REGARDING FACTUAL AND LEGAL ISSUES
TO BE ADDRESSED BY THE PARTIES, AND ORDER SETTING DATES - 3